# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**VERA MAE HAYNES-WILLIAMS**                                                    **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 1:11cv422-HSO-RHW**

**BILOXI PUBLIC SCHOOL DISTRICT,** *et al.*                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court following *sua sponte* review of the docket entries, pleadings and prior orders of the Court. The *pro se* Plaintiff filed this lawsuit November 4, 2011, alleging discrimination in employment by the Biloxi Public School District, its employees and members of its school board. By [3] order entered November 17, 2011, Plaintiff was granted leave to proceed with the case without full prepayment of the filing fee, and was assigned a payment schedule for payment of said fee in monthly installments. The November order also advised Plaintiff it was her responsibility to prosecute the case; that the case could not proceed until the Defendants were served with summonses and copies of the complaint; and that it was Plaintiff's responsibility to prepare the summons to be served on the Defendants and to present it to the clerk of court for issuance. The order also referred Plaintiff to Rule 4(b), *L.U.Civ.R.*, and the provisions of Rule 4, FED.R.CIV.P., for information regarding service of the summons and complaint.

When the time for service of process expired, and review of the docket revealed not even a request for issuance of summons, the Court entered [6] an order which advised Plaintiff that Rule 4(m), FED.R.CIV.P., requires that the summons and complaint be served upon defendant(s) within 120 days after the filing of the complaint, in Plaintiff's case by March 16, 2012,[1] and

---

[1] The date is calculated counting from the date Plaintiff's *in forma pauperis* motion was granted.

ordered Plaintiff to show cause in writing by April 16, 2012, why the case should not be dismissed for failure to serve the complaint and summons upon Defendants. Still, Plaintiff requested no issuance of summons for the Defendants.

On April 16, 2012, Plaintiff filed [7] her response to the show cause order in which she stated she needed additional time to serve the Defendants because (1) she is unable to obtain addresses for all defendants, and (2) she has a case pending in the civil and criminal courts with Biloxi Public School District. In the Court's order [9] entered April 23, 2012, which, "out of caution," granted Plaintiff until May 16, 2012 to have summonses issued by the Clerk and to have the summons and complaint served on the Defendants, the Court stated its opinion that Plaintiff has not been diligent in obtaining the necessary information and having summonses issued and process served on Defendants, and noted that Plaintiff had not even requested issuance of summons for the Biloxi Public School District whose address she stated in her original complaint. The April 23 order also expressly warned Plaintiff that no further extensions of time to serve process on the Defendants would be allowed "without a clear showing of substantial efforts on her part to have process issued and served on the Defendants." As of the date of this report, the docket reflects no issuance of summonses for the Defendants.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed for failure to serve process on the Defendants.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days

to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 21st day of May, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE