# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **VERA MAE HAYNES-WILLIAMS** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 1:11-cv-422-HSO-RHW** |
| **BILOXI PUBLIC SCHOOL DISTRICT, ET AL.** | **DEFENDANTS** |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 4 (m)

This cause comes before the Court on the Report and Recommendation [10] of United States Magistrate Robert H. Walker entered in this cause on May 21, 2012. Magistrate Walker reviewed the pleadings on file and determined that, based on the record, Plaintiff's Complaint should be dismissed for failure to serve process pursuant to FED. R. CIV. P. 4 (m). Plaintiff did not file an objection to the Report and Recommendation.[1] After review of the record, the Court, being fully advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court, and the above captioned cause should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m), as Plaintiff has failed to effectuate service of process upon the named Defendants.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions

---

[1] Docket entry #11, Acknowledgment of Receipt, reflects that Plaintiff signed for and received the Report and Recommendation on May 25, 2012.

of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

Pursuant to Federal Rule of Civil Procedure 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

In accordance with FED. R. CIV. P. 4 (m), Plaintiff had 120 days in which to serve the Complaint and any summons. That period expired on or about March 16, 2012. In response to the Court's Order to Show Cause [6], on April 16, 2012, Plaintiff requested additional time to serve Defendants. The Court, by Order [9] entered on April 23, 2012, granted Plaintiff additional time, until May 16, 2012, to effectuate service of process. To date, Plaintiff has not served process or even requested the issuance of summons. Nor has she contacted the Court with a reason for non-compliance with FED. R. CIV. P. 4(m).

Having conducted the required review, the Court finds that the Magistrate Judge's Report and Recommendation thoroughly considered all issues, and is neither clearly erroneous, nor contrary to law. The Court finds that the Magistrate Judge

2

properly recommended that this cause should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m).

**IT IS, THEREFORE, ORDERED, AND ADJUDGED** that, the Report and Recommendation [10] of Magistrate Judge Robert H. Walker entered on May 21, 2012, is adopted as the finding of this Court. A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED**, this the 23rd day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE